

**ORDERED in the Southern District of Florida on March 7, 2017.**

John K. Olson, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

In re:

CAPITAL TRANSPORTATION, INC.,

        Debtor.
_____/

Case No. 17-11664-JKO

Chapter 11

**ORDER GRANTING DEBTOR'S MOTION FOR ORDER AUTHORIZING
IT TO (I) PAY PRE-PETITION EMPLOYEE WAGES, SALARIES,
BENEFITS AND OTHER COMPENSATION;
(II) REMIT WITHHOLDING OBLIGATIONS; AND (III) MAINTAIN EMPLOYEE
BENEFITS AND PAY RELATED ADMINISTRATIVE
OBLIGATIONS *NUNC PRO TUNC* TO FEBRUARY 17, 2017**

THIS CAUSE came before the Court on February 28, 2017, upon the *Debtor's Motion For Order Authorizing It to (I) Pay Pre-Petition Employee Wages, Salaries, Benefits, and Other Compensation; (II) Remit Withholding Obligations; and (III) Maintain Employee Benefits and*

*Pay Related Administrative Obligations Nunc Pro Tunc to February 17, 2017* [ECF No. 13] (the "Motion") for the entry of an order pursuant to Sections 105(a), 262(b) and 507(a)(4) of the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*, Federal Rule of Bankruptcy Procedure 6003 and Local Rule 9013-(I), authorizing the Debtor to (i) pay pre-petition wages, salaries, commissions, bonuses, employee benefits, and other compensation; (ii) remit withholding obligations; and (iii) maintain employee benefits and pay related administrative obligations. The Court having reviewed the Motion and having heard the statements of counsel in support of the relief requested in the Motion at the hearing before the Court (the "Hearing"); and the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) venue is proper before this Court pursuant to 28 U.S.C. § 1408; (c) this matter is core pursuant to 28 U.S.C. § 157(b)(2); (d) notice of the Motion and Hearing was sufficient under the circumstances; and (e) the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein.

It is hereby **ORDERED** as follows:

1. The Motion is **GRANTED**.

2. The Debtor is authorized, but not directed, to pay and/or honor the Pre-petition Employment Obligations,[1] continue to honor such obligations post-petition, as provided in the Motion, in accordance with the Debtor's stated policies and reimburse pre-petition business expenses in accordance with the Debtor's stated policies and in the ordinary course of the Debtor's business; provided however, that payments to Employees on account of any such unpaid wages and salaries shall not exceed the amounts afforded priority status by Section 507(a)(4) of the Bankruptcy Code.

3. To the extent that the Debtor uses a payroll processing firm or firms, the Debtor

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

is authorized, but not directed, to continue to use such firm(s) and to pay any fee for processing payroll as it did pre-petition in the ordinary course of their business.

4. The Debtor is authorized, but not directed, to honor in the ordinary course of business all pre-petition Vacation Time, Sick Leave, Personal Leave, and Jury Duty rights of the Employees who continue to be employed by the Debtor after the Petition Date, in accordance with the Debtor's pre-petition policies.

5. The Debtor is authorized, but not directed, to make all payments, claims and remittances related to medical plans in the ordinary course of business.

6. The Debtor is authorized to pay any workers' compensation premium that remained accrued and unpaid as of the Petition Date and continue paying and/or contesting in good faith, as appropriate in the Debtor's business judgment, all amounts related to workers' compensation claims that arose prior to the Petition Date, including, without limitation, any payments to insurers required as a result of such claims, as they become due in the ordinary course of the Debtor's business.

7. The Debtor is authorized, but not directed, to honor any Pre-petition Employment Obligations in respect of any Employee benefit program and to continue to honor such obligations post-petition, as provided in the Motion, in accordance with the Debtor's stated policies.

8. The Debtor is authorized to remit to the appropriate Governmental agency outstanding amounts, if any, owed by the Debtor in respect of its withholding obligations, including those incurred prior to the Petition Date.

9. The Debtor is authorized, but not directed, to continue to pay the various costs incident to maintaining or paying third parties to maintain and provide record keeping relating to the various Employee benefits.

10. The Debtor is authorized, but not required, to issue post-petition checks or to affect post-petition and fund transfer requests, in replacement of any checks or fund transfer requests in respect of the wages and salaries, business expenses, Employee benefits, and withholding obligations dishonored as a consequence of the commencement of this Chapter 11 case.

11. Those banks holding the Debtor's payroll accounts are authorized and directed to honor checks issued to Employees pre-petition that have not cleared or been presented as of the Petition Date.

12. All of the Debtor's banks are authorized and directed to receive, process, honor and pay any and all checks or electronic transfers drawn on the Debtor's payroll and general disbursement accounts related to ordinary course wage and salaries, business expenses and other compensation, Employee benefits and withholding obligations, whether presented before or after the Petition Date, provided that sufficient funds are on deposit in the applicable accounts to cover such payments.

13. All of the Debtor's banks are authorized and directed to receive, process, honor, and pay any and all checks drawn on the Debtor's payroll and general disbursement accounts related to Pre-petition Employment Obligations, including any uncashed checks that were issued prior to the Petition Date with respect thereto, whether presented before or after the Petition Date, provided that sufficient funds are on deposit in the applicable accounts to cover such payments.

14. The Debtor is authorized, but not directed, to continue its practices, programs, and policies in effect as of the Petition Date with respect to all Pre-Petition Employment Obligations, and to make all payments, claims and remittances related thereto in the ordinary course of business.

15. Nothing herein or in the Motion, nor any payments made by the Debtor pursuant to the Motion, shall be deemed an assumption or rejection of any Employee benefit program, employment agreement, other program or contract, or otherwise affect the Debtor's rights under Section 365 of the Bankruptcy Code to assume or reject any executory contract between the Debtor and any Employee.

16. The Debtor, and its managers, officers, employees, and agents, are authorized to take or refrain from taking such acts as are necessary and appropriate to implement and effectuate the relief granted herein.

17. Entry of this Order is not intended nor should be construed as an admission as to the validity of any claim against the Debtor, a waiver of the Debtor's rights to dispute any claim, or an approval or assumption of any agreement, contract, or lease under Section 365 of the Bankruptcy Code. Moreover, any payment made pursuant to this Order is not intended and should not be construed as an admission as to the validity of any claim or a waiver of the Debtor's rights to subsequently dispute such claim.

18. The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

# # #

Submitted by:
David A. Ray
400 Southeast 12th Street, Building B
Fort Lauderdale, Florida 33316
Phone: (954) 399-0105
dray@draypa.com

Copy furnished to:
David A. Ray, Esq.
(*Attorney Ray is directed to serve a copy of this Order upon all interested parties upon receipt and file a Certificate of Service.*)