UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

In re:

CAPITAL TRANSPORTATION, INC.,

Debtor.
_____/

Case No. 17-11664-JKO

Chapter 11

**AMENDED MOTION FOR ORDER AUTHORIZING POST-PETITION
FINANCING AND APPROVING FINANCING *NUNC PRO TUNC*__**

CAPITAL TRANSPORTATION, INC. (the "Debtor"), by and through the undersigned counsel, hereby moves for entry of an order authorizing the Debtor to obtain post-petition financing from Gaddis Corporation ("Gaddis Corporation"), Gaddis Capital Corporation ("Gaddis Capital") and B&L Service, Inc. ("B&L"), and to approve *nunc pro tunc* financing provided to date and on a going forward basis, and as grounds therefore states:

**PROCEDURAL HISTORY**

1. On February 10, 2017, the Debtor filed a Voluntary Petition for Relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida (the "Petition Date").

2. As of the Petition Date, the Debtor maintained three (3) accounts (the "Bank Accounts") at Suntrust Bank ("Suntrust"), as described in its bankruptcy Schedule "B".

3. Pursuant to a pre-petition writ of garnishment, Suntrust continued to garnish the Bank Accounts of the Debtor after the Petition Date.

4. The continuing garnishment resulted in a shortfall of operating capital, and on February 17, 2017, B&L, a Florida corporation related to the Debtor, directly paid the Debtor's pre-petition employment obligations in the total amount of $4,274.56 (the "Payroll Advance").

5. On February 21, 2017, the Debtor filed its Motion for Order Authorizing Post-Petition Financing and Approving Financing *Nunc Pro Tunc* [ECF No. 14], requesting Court approval of the Payroll Advance, and authorization for B&L to file an administrative expense claim for Payroll Advance, with the agreement that said administrative expense will only be paid in the event of confirmation of the Debtor's plan of reorganization.

6. On March 1, 2017, having become aware that Suntrust was continuing to garnish the Bank Accounts, the Debtor filed its Emergency Motion for Injunctive Relief, in addition to Emergency Motion for Turnover of Property [ECF No. 30] (the "Emergency Motion for Turnover").

7. On March 2, 2017, the Court entered its Order Finding Suntrust Bank in Contempt and Awarding Attorneys Fees [ECF No. 33], which among other relief resulted in the restoration of the Debtor's operating reserves within approximately two (2) hours.

8. On March 7, 2017, the Court entered its Order Granting Motion for Order Authorizing Post-Petition Financing and Approving Financing *Nunc Pro Tunc* [ECF No. 43] (the "First Financing Order"), which (i) authorized the Debtor to accept the Payroll Advance from B&L, and (ii) authorized B&L to file an administrative expense claim for the amount so advanced.[1]

---

[1] The First Financing Order expressly made no finding as to whether the Payroll Advance would be treated as an administrative expense claim or capital infusion.

**FURTHER PAYMENTS MADE TO THE DEBTOR**

9. During the time period from February 13, 2017 to March 3, 2017 (the "Garnishment Period"), the continuing garnishment of the Bank Accounts sharply limited the Debtor's ability to fund its business, and Gaddis Corporation, Gaddis Capital and B&L each advanced monies to the Debtor in the total amount of $57,047.94 (collectively, the "Advanced Amounts"),[2] on the dates and in the respective amounts as further detailed on the attached **Exhibit "A"**.

10. The Debtor determined that it was in the best interest of the bankruptcy estate to accept the Advanced Amounts, as the monies lent were necessary for continued operations and therefore crucial to the Debtor's survival during the Garnishment Period.

11. By way of this Motion, the Debtor seeks treatment of the Advanced Amounts as post-petition financing, and seek this Court's authority pursuant to Section 364(b) of the Bankruptcy Code to approve said financing.

12. In the event that the Advanced Amounts are approved as post-petition financing *nunc pro tunc* to February 17, 2017, Gaddis Capital, Gaddis Corporation and B&L will submit applications for payment of the net[3] Advanced Amounts as priority administrative claims, with zero interest to be paid upon same, and with the agreement that said administrative expenses will only be paid in the event of confirmation of the Debtor's plan of reorganization.

**REIMBURSEMENTS TO DATE**

---

[2] Gaddis Corporation is the 100% owner of the Debtor, and provided a total of $12,366.13. B&L is a company affiliated with the Debtor which is likewise owned 100% by Gaddis Corporation, and provided a total of $13,681.81. Gaddis Capital is a company affiliated with the Debtor which is likewise owned 100% by Gaddis Corporation, and provided a total of $30,000.00. The aforementioned Payroll Advance of February 17, 2017 is excluded from this total, having been previously addressed by the Court.

[3] As further disclosed *infra*, the Debtor made certain reimbursements to Gaddis Corporation, Gaddis Capital and B&L during the Garnishment Period.

13. Notwithstanding the foregoing, during the Garnishment Period, and prior to the entry of the First Financing Order, the Debtor mistakenly repaid the Payroll Advance to B&L in the amount of $4,274.56, as disclosed in the Debtor's March Monthly Operating Report [ECF No. 68, page 9, "Other Disbursements"].

14. By way of this Motion, the Debtor discloses this accidental reimbursement, and seeks leave of Court to have B&L return the amount of $4,274.56 to the Debtor's operating reserves, so that B&L may subsequently file an administrative claim in a manner consistent with the terms of the First Financing Order.

15. Additionally, during the Garnishment Period, the Debtor reimbursed Gaddis Corporation, Gaddis Capital and B&L to some further degree, and hereby discloses said reimbursements as follows:

    (a) On or about March 3, 2017, the Debtor repaid the amount of $30,000.00 to Gaddis Capital, as disclosed in the Debtor's Monthly Operating Report, leaving a zero balance due from the Debtor to Gaddis Capital [ECF No. 68, page 9, "Other Disbursements"];

    (b) On or about March 3, 2017, the Debtor repaid the amount of $1,522.06 to Gaddis Corporation, as disclosed in the Debtor's Monthly Operating Report, leaving an outstanding balance of $10,844.07 owed to Gaddis Corporation [ECF No. 68, page 9, "Other Disbursements"]; and

    (c) On or about March 3, 2017, the Debtor repaid the amount of $5,000.00 to B&L, as disclosed in the Debtor's Monthly Operating Report, leaving an outstanding balance of $8,681.81 [ECF No. 68, page 9, "Other Disbursements"].

(collectively, the "Additional Reimbursements"). *See* **Exhibit "A"**.

16. As the Additional Reimbursements were made absent Court authority, Gaddis Capital, Gaddis Corporation, and B&L stand ready to refund these amounts to the Debtor, who will thereafter file administrative claims consistent with this Court's direction.

17. On information and belief, no further reimbursements were made after the end of the Garnishment Period.

18. However, in an abundance of caution, and to reduce further need for procedural motion practice, the Debtor seeks continuing authority from the Court to permit the Debtor to borrow from either Gaddis Corporation, or B&L, the further and additional amount of up to $50,000.00, which shall be treated as post-petition financing pursuant to Section 364(b) of the Bankruptcy Code, and payable as priority administrative claim(s), with zero interest to be paid thereupon, with the agreement that said administrative expenses will only be paid in the event of confirmation of the Debtor's plan of reorganization.

WHEREFORE, the Debtor respectfully requests entry of an Order authorizing the Debtor to obtain post-petition financing pursuant to 11 U.S.C. 364(b), *nunc pro tunc* to February 13, 2017, subject to the terms set forth herein, approving the financing rendered to date, and granting such other and further relief as the Court deems just and proper.

**Dated: April 24, 2017.**

Respectfully submitted,

**I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).**

        David A. Ray, P.A.
        400 Southeast 12th Street, Building B
        Fort Lauderdale, Florida 33316
        Tel: (954) 399-0105
        Email: dray@draypa.com

        By: */s/ David A. Ray*_____
        David A. Ray
        Florida Bar No. 13871

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on April 24, 2017, a true and correct copy of this filing was electronically filed with the Clerk of the Court using CM/ECF. I also certify that this filing is being served on counsel of record and parties in interest as reflected on the attached service list on this day via transmission of Notices of Electronic Filing generated by CM/ECF.

        /s/ *David A. Ray*_____
        David A. Ray