UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

In re:	Chapter 11

CAPITAL TRANSPORTATION, INC.	Case No.: 17-11664-JKO

        Debtor.
_____/

**MOTION BY DEBTOR TO EXTEND EXCLUSIVE PERIOD
TO FILE PLAN AND SOLICIT ACCEPTANCES THEREOF**

Capital Transportation, Inc. (the "Debtor"), through undersigned counsel, respectfully requests a 60-day extension of time through August 10, 2017 within which to propose a plan of reorganization and an extension through October 10, 2017 within which to solicit acceptances of such plan.  In support of this motion (the "Motion"), the Debtor states:

**Background**

1.	The Debtor commenced this case on February 10, 2017 (the "Petition Date") by filing a voluntary petition under Chapter 11 of the Bankruptcy Code.

2.	The Debtor requests an extension of the Exclusive Filing Period (as defined below) through and including August 10, 2017, and the Exclusive Solicitation Period (as defined below) through and including October 10, 2017 pursuant to section 1121(d) of title 11, United States Code (the "Bankruptcy Code"), without prejudice to the Debtor's right to seek additional extensions thereof.

**Basis for Relief Requested**

3.	Section 1121(d) of the Bankruptcy Code permits the court to extend the Debtor's Exclusive Periods upon a demonstration of cause:

> [O]n request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

11 U.S.C. § 1121(d).

4. However, the 120-day period "may not be extended beyond a date that is 18 months after the [commencement] date" and the 180-day period "may not be extended beyond a date that is 20 months after the [commencement] date." *Id.* § 1121(d)(2). As described below, the Debtor submits ample cause exists to extend its Exclusive Periods.

5. The Exclusive Periods provided by Congress were incorporated in the Bankruptcy Code to afford a debtor a full and fair opportunity to propose a consensual plan and solicit acceptances of such plan without the deterioration and disruption of a debtor's business that might be caused by the filing of competing plans by nondebtor parties. Indeed, the primary objective of a Chapter 11 case is the formulation, confirmation, and consummation of a consensual Chapter 11 plan, and it is the intention of the Debtor to achieve this objective. To terminate the exclusive periods in these Chapter 11 cases before the process of plan negotiation has begun is to defeat the very purpose of Section 1121 of the Bankruptcy Code.

6. Where the initial 120- and 180-day exclusive periods provided for in the Bankruptcy Code prove to be an unrealistic time frame, Section 1121(d) of the Bankruptcy Code allows the bankruptcy court to extend a debtor's exclusive periods for cause.

7. The Bankruptcy Code provides for an initial period of 180 days after the commencement of a Chapter 11 case during which a debtor has the exclusive right to file a Chapter 11 plan (the "Exclusive Filing Period"). Section 1121(c)(3) of the Bankruptcy Code provides that if a debtor files a plan within the Exclusive Filing Period, it has a period of 180

days after the commencement of the case to obtain acceptances of such plan, during which time competing plans may not be filed (the "Exclusive Solicitation Period"). The Debtor's initial Exclusive Filing Period and Exclusive Solicitation Period are currently set to expire on June 10, 2017 and August 9, 2017 (the "Exclusive Periods").

8. An extension of the Exclusive Periods is customary – as well as essential— in the context of the Debtor's Chapter 11 case. Ample cause exists to grant the Debtor such relief because, *inter alia*, (i) the Debtor continues to make good faith progress towards reorganization, (ii) the Debtor is not seeking to use exclusivity to pressure creditors into accepting a plan they find unacceptable.

9. The Debtor submits that an extension of the Exclusive Periods is warranted and appropriate for this case. The relief requested will afford the Debtor a full and fair opportunity to negotiate, propose, and seek acceptances of a Chapter 11 plan.

WHEREFORE, the Debtor respectfully requests (i) an extension of time through August 10, 2017 within which to propose a plan of reorganization and an extension through October 10, 2017 within which to solicit acceptances of such plan, and (ii) such other and further relief as this Court shall grant.

**Dated: May 31, 2017.**

        David A. Ray, P.A.
        Counsel for Debtor
        400 Southeast 12th Street, Building B
        Fort Lauderdale, Florida 33316
        Tel: (954) 399-0105
        Email:  dray@draypa.com

        By:  */s/ David A. Ray*
            David A. Ray
            Florida Bar Number 13871

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 31, 2017, a true and correct copy of this filing was electronically filed with the Clerk of the Court using CM/ECF. I also certify that this filing is being served on counsel of record and parties in interest on this day via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ *David Ray*
David A. Ray

**Service List**

Jacob E Mitrani on behalf of Interested Party SunTrust Bank
jem@lgplaw.com, amm@lgplaw.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

David A Ray, Esq. on behalf of Debtor Capital Transportation, Inc.
dray@draypa.com, draycmecf@gmail.com;sramirez.dar@gmail.com

Zana Michelle Scarlett on behalf of U.S. Trustee Office of the US Trustee
Zana.M.Scarlett@usdoj.gov

Mark E Steiner on behalf of Interested Party SunTrust Bank
MES@lgplaw.com, pm@lgplaw.com